## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MILLIAN RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-2289 |
| | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, MILLIAN RUSSELL ("Plaintiff"), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, EQUIFAX INFORMATION SERVICES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022.

## JURISDICTION AND VENUE

2. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., and pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

1

**PARTIES**

4.  Plaintiff is an individual who was at all relevant times residing in the City of Katy, Fort Bend County, State of Texas.

5.  At all relevant times, Plaintiff was a "consumer" as that term is defined by the FCRA.

6.  Defendant Equifax is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Texas, is a citizen of the state of Texas.

7.  At all relevant times, Defendant is a "person" as that term is defined by the FCRA.

**FACTUAL ALLEGATIONS**

8.  At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

9.  Between May 2023 and August 2023, Plaintiff has applied for various mortgages in the amount of $385,000.00.

10. When applying for these mortgages, Plaintiff is required to submit her consumer reports.

11. During the process of applying for these mortgages, Plaintiff was unable to acquire her consumer report from Defendant.

12. Defendant has failed to release Plaintiff's consumer report when she requests it from them.

13. Since 2021, Plaintiff has not been able to acquire her consumer report from Defendant.

14. When Plaintiff attempts to request her consumer report, she receives a "technical error" message from Defendant with code "BLNK". *See* **Exhibit A**.

15. On or around July 22, 2023, Plaintiff disputed the "technical error messages" with Defendant by written communication to their representatives [and by following Defendant's established procedure for disputing consumer credit information].

16. Enclosed with Plaintiff's dispute letter was evidence to support Plaintiff's dispute including her identifying information and social security number.

17. On or about August 5, 2023, Plaintiff called Defendant's customer service line and spoke to one of Defendant's customer service representatives.

18. During the above-referenced conversation:

  a. Plaintiff informed Defendant's representative that she kept getting a "blank" code on her account with Defendant.

  b. Plaintiff informed Defendant's representative that she has since complied with submitting the appropriate documents, but the issue still has not been able to get her creditor score or consumer report.

  c. Defendant's representative confirmed they had previously received Plaintiff's submitted documents.

  d. Defendant's representative stated that there was a discrepancy in the spelling of Plaintiff's name.

  e. Defendant's representative transferred Plaintiff's call to Defendant's "special department" as "they are the ones who take care of that kind of error on your file."

  f. Plaintiff remained on hold for approximately forty minutes.

  g. When the call was finally transferred, Plaintiff did not reach anyone from the "special department".

      h.   Plaintiff was instead given an automated customer service survey to complete.

*See* **Exhibit B**.

19. On or about August 7, 2023, Plaintiff submitted a consumer complaint to the Attorney General of Texas.

20. In the above-referenced consumer complaint:

      a.   Plaintiff stated she had been trying to get Defendant to release her consumer report for the past three years.

      b.   Plaintiff stated that every time she logged into her account with Defendant, she received a "Code: BLNK" error message with instructions to contact Defendant and submit requested documents.

      c.   Plaintiff stated that she has since sent Defendant her documents, which includes her ID and social security number, several times to the address they provided.

      d.   Plaintiff stated that she was with a loan officer who also attempted to verify Plaintiff's identity to acquire her consumer report to no avail.

*See* **Exhibit C**.

21. On or about August 7, 2023, the Attorney General of Texas sent Plaintiff an acknowledgement letter, assigning her complaint with complaint number CGS-373678. *See* **Exhibit D**.

22. On or about August 11, 2023, Plaintiff was denied a loan from Associated Credit Union.

23. The mortgage broker from Associated Credit Union informed Plaintiff that until she was able to pull Plaintiff's consumer report with Defendant, she would not be able to proceed with Plaintiff's mortgage loan application. *See* **Exhibit E**.

24. That same day, the Associated Credit Union broker ordered Plaintiff's credit score disclosure.

25. In the above-referenced disclosure form, Plaintiff's credit score with Defendant was not available. Instead, the form stated:

   a. "Your credit score is not available from Equifax, which is a consumer reporting agency, because they may not have enough information about your credit history to calculate a score."

   *See* **Exhibit F**.

26. Plaintiff was unable to complete her loan application process from Chairman's Elite Club.

27. In the above-referenced process, Chairman's Elite Club's loan consultant informed Plaintiff that she received an error message when running Plaintiff's consumer report with Defendant. *See* **Exhibit G**.

28. Additionally, Plaintiff was unable to complete her loan application process from Encompass Lending Group.

29. In the above-referenced process, Chairman's Elite Club's loan consultant informed Plaintiff that she was "unable to use the credit report without all 3 credit bureaus reporting." *See* **Exhibit H**.

30. Defendant's inability to release Plaintiff's consumer report negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

31. The consumer report that continually shows an error message have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

32. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the technical error messages and have withhold consumer reports and credit score from Plaintiff.

33. At all times pertinent hereto, Defendant was acting by and through Defendant's agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

34. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

35. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Impeded Plaintiff's ability to obtain credit;

    b. Out of pocket expenses associated with disputing the information only to find the consumer report is still unattainable;

    c. Emotional distress and mental anguish associated with having her consumer report showing "error messages" and that being transmitted about Plaintiff to other people both known and unknown;

    d. Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the "error messages" known by Plaintiff; and

    e. Decreased credit score which may result in inability to obtain credit on future attempts.

**DEFENDANT VIOLATED THE FAIR CREDIT REPORTING ACT**

36. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

37. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

38. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, MILLIAN RUSSELL, respectfully requests judgment be entered against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for the following:

    a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b.  Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c.  Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d.  Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e.  Any other relief that this Honorable Court deems appropriate.

DATED:  June 18, 2024                RESPECTFULLY SUBMITTED,


                                     By: /s/ Michael S. Agruss
                                             Michael S. Agruss
                                             Mike Agruss Law
                                             1301 W. 22nd Street, Suite 711
                                             Oak Brook, IL 60523
                                             Tel: 312-462-4112
                                             Fax: 312-253-4451
                                             mike.agruss@844seemike.com
                                             Attorney for Plaintiff

8